# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50514
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 3, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RAUL RAYMUNDO PENA-GARAVITO,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:10-CR-837-1

Before SMITH, BARKSDALE, and PRADO, Circuit Judges:

PER CURIAM:[*]

Raul Raymundo Pena-Garavito was sentenced to, *inter alia*, 151-months imprisonment, following his jury-conviction for possession of, with intent to distribute, cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(a). Pena challenges only the substantive reasonableness of his sentence, maintaining it is greater than necessary to fulfill the sentencing objectives of 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-50514

As Pena concedes, our review is only for plain error because he failed to challenge the reasonableness of his sentence in district court. *E.g., Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). Admitting the standard of review is a settled question of law in our court, but to preserve the challenge for possible further review, Pena contends the correct standard of review is for abuse of discretion. *See, e.g., United States v. Autery*, 555 F.3d 864, 868-71 (9th Cir. 2009); *United States v. Castro-Juarez*, 425 F.3d 430, 433-34 (7th Cir. 2005).

Under plain-error review, Pena must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett*, 556 U.S. at 135. If he does so, we have the discretion to correct the error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *Id.* He fails to show a clear or obvious error.

Relying on *Kimbrough v. United States*, 552 U.S. 85, 109-10 (2007), and to preserve the issue for possible further review, Pena asserts the presumption of reasonableness afforded within-Sentencing Guidelines range sentences should not apply because Guidelines §§ 2D1.1 and 2L1.2 lack an empirical basis. As Pena concedes, his argument is foreclosed. *E.g., United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).

Pena also asserts his sentence is unreasonable because it fails to account for his personal circumstances: his age and lack of criminal history; the low recidivism rate associated with persons of his age and lack of criminal record; his employment history; his education; and the absence of drug use. He has not demonstrated, however, that his sentence fails to account for a sentencing factor that should receive significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in

2

No. 14-50514

balancing sentencing factors.  *E.g., United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).  Mere disagreement with the propriety of his sentence or with the weight given to the 18 U.S.C. § 3553(a) sentencing factors does not suffice to rebut the presumption of reasonableness that attaches to a within-Guidelines sentence.  *E.g., United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010) (citation omitted); *see also United States v. Gonzalez*, 250 F.3d 923, 930 (5th Cir. 2001) (citation omitted) (implicit consideration of the § 3553(a) factors is sufficient).

AFFIRMED.